RENDERED: JULY 31, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0561-MR

JASON W. BARRETT                                                  APPELLANT

APPEAL FROM OHIO CIRCUIT COURT
v.          HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 19-CR-00001

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE: Jason W. Barrett ("Barrett") appeals from the Ohio Circuit

Court's order denying his Kentucky Rule of Criminal Procedure ("RCr") 11.42

motion. Finding no error, we affirm.

## **FACTUAL AND PROCEDURAL BACKGROUND**

In its opinion affirming Barrett's conviction on direct appeal, the

Kentucky Supreme Court summarized the facts of this case as follows:

This case involves nine incidents of sexual abuse that occurred between February 10, 2016, and December 5, 2018. When Barrett [K.V.'s stepfather] committed these acts, the victim, K.V., was between the ages of 15 and 17. During this period, K.V. lived in the same household as Barrett, Katherine [K.V.'s mother], her older sister E.M., and her three younger siblings. When K.V. was living with Barrett and Katherine she also had an older boyfriend who lived in Georgetown, Kentucky. K.V. told her boyfriend about the sexual abuse and showed him some of her diary entries recalling events surrounding the abuse.

In December 2018, K.V. wanted to stay with her boyfriend for two weeks around the holidays. At first Barrett and Katherine said yes but objected when she wanted to stay longer. Their objection was because she was only 17 years old. Around the same time, K.V.'s boyfriend reported the sexual abuse to his teacher on December 6, 2018.

When K.V.'s boyfriend reported the sexual abuse to his teacher, the teacher contacted the Cabinet for Health and Family Services. The aforementioned report led to a welfare check at the Barrett home by deputies with the Ohio County Sheriff's Department on December 6, 2018. K.V., fearing a truthful disclosure would lead to her and her siblings being placed in foster care, denied that any abuse occurred. The police conducted another interview with K.V. outside of the home on December 7, 2018, where she then told Detective Katie Pate that she was sexually abused by Barrett. Detective Pate also interviewed Barrett and Katherine. Barrett admitted to touching K.V. on the buttocks but claimed it was not sexual. Katherine initially denied seeing Barrett touch K.V. inappropriately but later admitted seeing him touch her buttocks. Katherine insisted that the touching was not sexual.

At trial, K.V. testified to the nine incidents of sexual abuse and read aloud from her diary entries. Barrett testified in his own defense and denied he sexually abused his stepdaughter. Katherine testified she never knew or saw Barrett touch K.V. inappropriately. E.M. testified she shared a room with K.V. who never told her anything about Barrett sexually abusing her.

After two days of trial, the jury found Barrett guilty of all nine counts of first-degree sexual abuse, and Katherine guilty of two counts of complicity to sexual abuse. The trial court sentenced Barrett to a total of twenty years in prison.

*Barrett v. Commonwealth*, 677 S.W.3d 326, 331 (Ky. 2023).

After the denial of his direct appeal, Barrett moved the circuit court to vacate his conviction and sentence pursuant to RCr 11.42. The circuit court entered an order on March 27, 2025, denying Barrett's motion. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

Barrett's primary arguments on appeal are that his trial counsel was ineffective for failing to object to the admission of inadmissible hearsay statements and for failing to move for a mistrial based on juror bias.

### 1. *Strickland* Factors and Our Standard of Review

In a motion brought under RCr 11.42, "[t]he movant has the burden of establishing convincingly that he or she was deprived of some substantial right

which would justify the extraordinary relief provided by [a] post-conviction proceeding." *Simmons v. Commonwealth*, 191 S.W.3d 557, 561 (Ky. 2006) (citations omitted), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 159 (Ky. 2009). RCr 11.42 motions are "limited to issues that were not and could not be raised on direct appeal." *Id*. at 561 (citation omitted).

Specifically, a successful petition for relief under RCr 11.42 for ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In describing these two factors, the Kentucky Supreme Court has stated that:

> [a] "deficient performance" contains errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the appellant must show that counsel's deficient performance prejudiced his defense at trial. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. An appellant must satisfy both elements of the *Strickland* test in order to merit relief.

*Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (internal quotation marks and citations omitted).

Regarding the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. Moreover, Barrett's trial counsel has "a strong presumption" in his favor that the conduct fell "within the wide range of

-4-

reasonable professional assistance." *Haight v. Commonwealth*, 41 S.W.3d 436, 442 (Ky. 2001), *overruled on other grounds by Leonard*, 279 S.W.3d at 159.

As to the second prong, to establish actual prejudice, the appellant must show a "reasonable probability" of a different outcome for the proceeding. *Bowling v. Commonwealth*, 981 S.W.2d 545, 551 (Ky. 1998) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014) (quoting *Strickland*, 466 U.S. at 694).

Appellate review of counsel's performance under *Strickland* is *de novo*. *McGorman*, 489 S.W.3d at 736. "Denial of RCr 11.42 relief is reviewed for abuse of discretion." *Prescott v. Commonwealth*, 572 S.W.3d 913, 920 (Ky. App. 2019) (citations omitted). "The test is 'whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id*. (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

### 2. Discussion

Barrett claims that his counsel was ineffective because he did not object to alleged hearsay concerning K.V.'s journal entries. As the circuit court pointed out:

> [t]his issue was thoroughly examined, discussed and ruled upon by the Kentucky Supreme Court on [Barrett's] direct appeal. The Supreme Court stated in its finding that the testimony complained of by [Barrett] was

admissible under KRE 801A and no error occurred as a result of the introduction of that testimony. Trial [c]ounsel's failure to object would not be said to have been unreasonable or deficient.

*See Barrett*, 677 S.W.3d at 336-39. We agree. Thus, Barrett's counsel could not have been ineffective for failing to object to admissible evidence, and his claim fails.

Barrett next claims that his counsel should have moved for a mistrial after a juror informed the court that she lived next door to the Barrett home. However, after questioning, the juror indicated that she did not know Barrett or his family, and that her ability to be fair and impartial would not be affected.

A motion under RCr 11.42 cannot raise issues that were raised or could have been raised on direct appeal. *Brown v. Commonwealth*, 788 S.W.2d 500, 501 (Ky. 1990). As discussed by the Kentucky Supreme Court, "[t]his rule has been applied consistently to bar two classes of claims from being brought in collateral attacks: (1) those that could and should have been litigated in the direct appeal; and (2) those that were actually litigated in the direct appeal." *Leonard v. Commonwealth*, 279 S.W.3d 151, 156 (Ky. 2009) (citations omitted). In this case, Barrett failed to challenge the circuit court's decision allowing the juror to remain on the jury on direct appeal. Thus, he is barred from raising it here as an ineffective assistance of counsel claim.

## CONCLUSION

For the foregoing reasons, we affirm the Ohio Circuit Court's order denying Barrett's RCr 11.42 motion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jason Barrett, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky